# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**ARTIS POWER**                                                                                          **PETITIONER**

**v.**                                              **No. 1:14CV200-MPM-DAS**

**ORA STARKS, ET AL.**                                                             **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Artis Power for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Power has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

**Facts and Procedural Posture**

Power is in the custody of the Mississippi Department of Corrections and is currently housed at the Bolivar County Correctional Facility in Cleveland, Mississippi. He was convicted in the Circuit Court of Choctaw County, Mississippi of Count I of the indictment (statutory rape of a child under fourteen years) old, and was acquitted of Counts II and III. He was sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections. Power appealed his conviction and sentence to the Mississippi Supreme Court, which assigned his case to the Mississippi Court of Appeals. The Court of Appeals affirmed Power's conviction and sentence. *Power v. State*, 66 So.3d 155 (Miss.Ct.App. 2010), *reh'g. denied* December 14, 2010, *cert. granted* March 24, 2011, *cert. dismissed as improvidently granted* July 28, 2011 (Cause No. 2008-KA-01663-COA). Power filed an application for permission to seek post-conviction collateral review, which he signed on February 27, 2014. That application was denied on May 29, 2014. He filed the instant petition for a

writ of *habeas corpus* on October 29, 2014.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Power's conviction and sentence became final ninety days after the Mississippi Supreme Court dismissed his petition for writ of *certiorari* as improvidently granted, October 26, 2011 (July 28, 2011 + 90 days).[1] Thus, under the one year limitations period of the Antiterrorism and Effective

---

[1] Power did not seek a writ of *certiorari* to the United States Supreme Court. As such, ninety days, the time period during which Power could have sought such review, is added to the date on which his direct appeal ended and his conviction became final. *See* Rule of the United States Supreme Court 13(1); *see also Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003).

Death Penalty Act, Power's petition for a writ of *habeas corpus* was due in this court on or before October 26, 2012. Power's state application for post-conviction collateral relief was signed on February 27, 2014 – 489 days after the October 26, 2012, expiration of the federal limitations period. As such, he is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) for the pendency of this application. *Grillete v. Warden,* 372 F.3d 765, 769 (5th Cir. 2004); *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). Hence, the federal *habeas corpus* deadline remains October 26, 2012.

Under the "mailbox rule," the instant *pro se* petition for a writ of *habeas corpus* is deemed filed on the date Power delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on October 15, 2014, and the date it was received and stamped as "filed" in the district court on October 27, 2014. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 719 days after the October 26, 2012, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). The instant petition will thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 16th day of April, 2015.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**